ROBERTO A. TERCERO, Cal. Bar No., 143760

Attorney for Plaintiff
Securities and Exchange Commission
Randall R. Lee, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevared, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Telephone: (323) 965-3891 (Tercero)
Facsimile: (323) 965-4513
E-Mail: TerceroR@sec.gov

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL HEALTH; GLOBAL CLEARING; GLOBAL STRATEGIES; GOLDMAN QUINTERO & ASSOCIATES; VINCE DORY; and JOSHUA ADAMS,<br><br>Defendants. | Case No. 04 CV 1802 JM (BLM)<br><br>**FINAL JUDGMENT AS TO DEFENDANTS VINCE DORY AND JOSHUA ADAMS** |

The motion of Plaintiff Securities and Exchange Commission ("Commission") for judgment based upon entry of default against Defendants Vince Dory and Joshua Adams (collectively "Defendants") came on for hearing before this Court. This Court, having granted the motion in favor of the Commission and against the Defendants, enters this Final Judgment as to Defendants Vince Dory and Joshua Adams ("Final Judgment").

I.

IT IS HEREBY ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange

1  Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using
2  any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national
3  securities exchange, in connection with the purchase or sale of any security:

4      (a)    to employ any device, scheme, or artifice to defraud;

5      (b)    to make any untrue statement of a material fact or to omit to state a material fact
6      necessary in order to make the statements made, in the light of the circumstances under which
7      they were made, not misleading; or

8      (c)    to engage in any act, practice, or course of business which operates or would
9      operate as a fraud or deceit upon any person.

## II.

11      IT IS HEREBY FURTHER ORDERED that Defendants and Defendants' agents, servants,
12  employees, attorneys, and all persons in active concert or participation with them who receive actual
13  notice of this Final Judgment by personal service or otherwise are permanently restrained and
14  enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §
15  77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or
16  communication in interstate commerce or by use of the mails, directly or indirectly:

17      (a)    to employ any device, scheme, or artifice to defraud;
18      (b)    to obtain money or property by means of any untrue statement of a material fact or any
19      omission of a material fact necessary in order to make the statements made, in light of the
20      circumstances under which they were made, not misleading; or
21      (c)    to engage in any transaction, practice, or course of business which operates or would
22      operate as a fraud or deceit upon the purchaser.

## III.

24      IT IS HEREBY FURTHER ORDERED that Defendants and Defendants' agents, servants,
25  employees, attorneys, and all persons in active concert or participation with them who receive actual
26  notice of this Final Judgment by personal service or otherwise are permanently restrained and
27  enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in
28  the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS HEREBY FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participated with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, in the absence of any applicable exemption, engaging in the business of a broker or a dealer by making use of the mails or any means or instrumentality of interstate commerce to induce the purchase or sale of, any security (in the absence of an applicable exemption), without being associated with a broker-dealer that has been registered with the Commission.

## V.

IT IS HEREBY FURTHER ORDERED that Defendants are liable for disgorgement of $247,250, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,929.63, for a total of $259,179.63. Defendants shall satisfy this obligation by paying $259,203.75 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed

to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the paying Defendant's name as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the payment and letter shall be served upon counsel for the Commission in this action. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

IT IS HEREBY FURTHER ORDERED that Defendant Vince Dory shall pay a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Vince Dory shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Vince Dory as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the payment and letter shall be served upon counsel for the Commission in this action. Defendant Vince Dory shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

IT IS HEREBY FURTHER ORDERED that Defendant Joshua Adams shall pay a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Joshua Adams shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and

1  Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial
2  Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way,
3  Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Joshua
4  Adams as a defendant in this action; setting forth the title and civil action number of this action and
5  the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  A copy
6  of the payment and letter shall be served upon counsel for the Commission in this action.  Defendant
7  Joshua Adams shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC
8  § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States
9  Treasury.

## VIII.

IT IS HEREBY FURTHER ORDERED this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**IT IS SO ORDERED.**

DATED:  February 6, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties